UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | FILE NO. 14-CR-322(1) (SRN/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| MARVIN SPENCER, | |
| Defendant. | |

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several *pro se* motions filed by Defendant Marvin Spencer. The following motions remain for this Court to issue a report and recommendation to the Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.1:

- Pro Se Motion to Suppress the Pawn America Video (ECF No. 105); and

- Pro Se Motion to Challenge Grand Jury Indictment Under Rule 6 (ECF Nos. 114 & 115).[1]

Based on all the files, records, and proceedings herein, and for the reasons that follow, this Court will recommend that Defendant's motions be denied.

---

[1] Defendant filed identical papers at docket entry numbers 114 and 115 entitled "Defendants Motion To Challenge Grand Jury Indictment Under Rule 6 And Motion for Bill Of Particulars Under Rule 7." The Court will address Defendant's motions to dismiss the indictment in this Report and Recommendation. To the extent Defendant's motions request a bill of particulars, the Court will address those motions in a separate order.

I.  **BACKGROUND**

On October 7, 2014, Defendant was indicted on counts of (1) interference of commerce by robbery; (2) conspiracy to interfere with commerce by robbery; (3) using, carrying and discharging a firearm during and in relation to a crime of violence; and (4) felon in possession of a firearm and ammunition in violation of the Armed Career Criminal Act. (ECF No. 20.) Defendant is alleged to have robbed a Pawn America store in Roseville, Minnesota, and to have shot the store clerk in the leg in the process.

When initially brought before this Court, Defendant was appointed counsel from the Federal Public Defender's Office. Defendant filed several pretrial motions, including a Motion to Suppress Statements (ECF No. 34) and a Motion to Suppress Eyewitness Identifications (ECF NO. 35). Defendant attended a pretrial motions hearing on December 11, 2014. (*See* ECF No. 40.) Assistant United States Attorney Tom Hollenhorst appeared on behalf of the Government, and Assistant Federal Public Defender Shannon Elkins appeared on behalf of Defendant. The Court heard testimony from Detective Mark Ganley of the Roseville Police Department and received exhibits from both the Government and Defendant.

Following the hearing, Ms. Elkins filed briefing in support of Defendant's motions. In its opposition memorandum, the Government represented that it would not "offer in its case-in-chief any evidence of the photographic lineup, nor ask the victim to make an in-court identification of the defendant (other than to describe the actions of the man who shot him as corroborated by the video surveillance of the crime)." (Mem. in Opp'n, ECF No. 50, at 7.) After the briefs were filed, Defendant asserted that his court-

appointed counsel had violated the Federal Rules of Criminal Procedure, the Rules of Professional Conduct, and his attorney-client privilege in order to help the prosecution gain a tactical advantage. Shortly after Defendant filed a motion requesting substitute counsel, the Federal Public Defender moved to withdraw Ms. Elkins as Defendant's counsel and appoint substitute counsel to continue Defendant's representation. (ECF No. 46.) Out of an abundance of caution, the Court granted Defendant's motion, and Derk Schweiger, a member of the District of Minnesota's CJA panel, was appointed as Defendant's substitute counsel. (ECF No. 49.)

After his appointment, Mr. Schwieger filed on Defendant's behalf a supplemental Motion to Suppress Statements (ECF No. 55). The Court held a second pretrial motions hearing on February 10, 2015, to address Defendant's newly filed motion. (ECF No. 61.) Mr. Hollenhorst appeared on behalf of the Government, and Mr. Schwieger appeared on behalf of Defendant. Defendant was present at the hearing and made an oral motion for substitute counsel. The Court excused the Government from the courtroom and heard argument from Defendant regarding concerns about his representation outside of the presence of the Government. After presenting his arguments to the Court, Defendant withdrew his request for substitute counsel.

After his second pretrial motions hearing, Defendant filed a third Motion to Suppress Statements. (ECF No. 67.) The Court held a third pretrial motions hearing on March 2, 2015, to address Defendant's third motion to suppress. (*See* ECF No. 69.) The Court heard testimony from Officer Nicholas Wade of the Moline Police Department; Special Agent David Nygren of the Bureau of Alcohol, Tobacco, Firearms and

Explosives; and Defendant.[2] At this third pretrial motions hearing, Defendant again made an oral motion for appointment of substitute counsel. (*See id.*) The Court once again excused the Government from the courtroom and heard oral argument on Defendant's motion. After hearing argument from Defendant, the Court determined that there had not been an irretrievable breakdown of the attorney-client relationship and good cause did not support Defendant's motion for substitute counsel.

On March 18, 2015, Mr. Schwieger filed on behalf of Defendant a Motion for *Faretta* Hearing for Defendant's Pro Se Representation. (ECF No. 80.) In the motion, Mr. Schwieger represented to the Court that Defendant had unequivocally stated that he wished to represent himself throughout the remainder of these proceedings and requested a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), to make the same request to the Court. (ECF No. 80.)

The Court held a *Faretta* hearing on April 3, 2015. Mr. Hollenhorst appeared on behalf of the Government. Mr. Schwieger appeared on behalf of Defendant. Defendant was present at the hearing. Defendant again raised issues with the quality of representation he was receiving, and the Court excused the Government from the courtroom to hear Defendant's concerns. After hearing oral argument, the Court determined that no irretrievable breakdown in the attorney-client relationship had occurred, and that any difficulties in communication between Defendant and his counsel were entirely of Defendant's own making. The Court further found that Defendant's

---

[2] Before Defendant took the stand, the Court conducted a careful inquiry into whether Defendant was knowingly, intelligently, and voluntarily waiving his Fifth Amendment right to remain silent. (*See* ECF No. 77 at 57-59.)

allegations of misconduct against Mr. Schwieger had no basis in fact and were entitled no credibility.

The Court then allowed the Government back into the courtroom and resumed the *Faretta* hearing. The Court asked whether Defendant wanted to dismiss his current attorney and represent himself *pro se*, and Defendant responded that he wanted a new attorney. Nevertheless, in order to ensure that Defendant would be fully aware of the rights he would be surrendering and the challenges he would face if he did elect to proceed *pro se*, the Court conducted a *Faretta* colloquy to determine whether Defendant was making a knowing, intelligent, and voluntary waiver of his Sixth Amendment right to counsel and invoking his right to represent himself *pro se*. The Court also warned Defendant of the perils and significant challenges of self-representation and proceeded with a detailed inquiry to determine whether, under *Faretta*, Defendant is capable of representing himself. Following this colloquy and notwithstanding direct questioning from the Court, Defendant was essentially non-responsive to the Court's *Faretta* inquiry and, instead, repeated that he wished to have a new counsel appointed. At the conclusion of the hearing, the Court reserved ruling on Defendant's motion and ordered the parties to brief the issue.

On April 8, 2015, the Government filed a superseding indictment. (ECF No. 93.) On April 14, 2015, this Court issued its Report and Recommendation, recommending Judge Nelson deny Defendant's Motions to Suppress (ECF Nos. 34, 55, & 67) and deny as moot Defendant's Motion to Suppress Eyewitness Identifications (ECF No. 35). (Report & Recommendation, Apr. 14, 2015, ECF No. 100.)  After this Court issued its

Report and Recommendation, Defendant filed a motion to suppress the Pawn America Video, requesting the Court provide him an expert witness to contest the accuracy of the surveillance video taken inside the Pawn America shop. (ECF No. 105.)

After multiple rescheduled hearings to arraign Defendant on the charges in the superseding indictment, (*see* Order, May 1, 2015, at 4-6), Defendant appeared before this Court on April 30, 2015 to be arraigned on the charges set forth in the superseding indictment. (*See* ECF No. 109.) At the hearing, Defendant renewed his request for new appointed counsel. The Court granted Defendant's request,[3] (*id.* at 9-13), and Mr. Schwieger was relieved of his appointment. Defendant's arraignment was continued until a new CJA attorney accepted an appointment to represent Defendant. (*See* ECF Nos. 113, 117-18.)

While the search for Defendant's third court-appointed attorney was underway, Defendant filed three *pro se* motions: (1) *Pro Se* Motion to Challenge Grand Jury Indictment Under Rule 6 and Motion for Bill of Particulars Under Rule 7 (ECF Nos. 114 & 115); and (2) *Pro Se* Motion of 5th and 6th Amendment Rights Violations Under 44 and 65 (ECF No. 116).

The Court held a hearing on May 29, 2015. (*See* ECF No. 127.) Mr. Hollenhorst appeared on behalf of the Government. Paul Applebaum, a member of the District of Minnesota's CJA panel, was present to assume Defendant's legal representation.

---

[3] In its order granting Defendant's request for new appointed counsel, the Court included "the strongest possible warning . . . that any such future motions will be scrutinized closely" out of a concern that Defendant might "try again to manipulate this case with abusive delay tactics, unfounded allegations, and self-manufactured conflicts with his third Court-appointed attorney." Order, May 1, 2015, at 12.

Defendant was also present. The Court appointed Mr. Applebaum as Defendant's substitute counsel. Defendant was then arraigned on the charges in the superseding indictment. In light of Mr. Applebaum's recent appointment and the multiple filings in this case, the Court granted two weeks for Mr. Applebaum to review the file and determine whether to file any additional pretrial motions or to supplement Defendant's *pro se* motions in any way. After conducting his review, Mr. Applebaum informed the Court that he would be filing no more pretrial motions.

## II.   ANALYSIS

### A.  Motion to Suppress Pawn America Video

On April 20, 2015, the Court received Defendant's Motion to Suppress the Pawn America Video. (ECF No. 105) Defendant requests that the Court provide him an expert witness of his choosing. Defendant's motion attacks the accuracy and authenticity of the Pawn America surveillance video of the alleged robbery, arguing that the images in the video have been altered by using Adobe Photoshop or some other photo-editing software. Although the accuracy and authenticity of the Pawn America video is very likely an important evidentiary issue for Defendant's trial, it is an evidentiary issue, not an issue of constitutional dimensions to be raised in a pretrial motion to suppress. *See, e.g.*, *United States v. Seifert*, 445 F.3d 1043, 1045-46 (8th Cir. 2006) (affirming the trial court's admission of enhanced surveillance video where the record contained "no facts tending to show that the edited or enhanced videotape was inauthentic or untrustworthy (citing *United States v. Beeler*, 62 F. Supp. 2d 136, 149 (D. Me. 1999))). Moreover, notwithstanding Defendant's bald protestations to the contrary, he has presented no facts

tending to support his assertions of foul play. Accordingly, this Court will recommend that Defendant's motion to suppress the Pawn America video be denied.

### B.  Motion to Challenge Grand Jury Indictment

Defendant seeks to dismiss his indictment, arguing that (1) it was never signed by the foreperson; (2) the jurors were not legally qualified under Rule 6; and (3) he was not brought before the Grand Jury in violation of his Fifth and Sixth Amendment rights. (ECF No. 114 at 2; ECF No. 115 at 2.)

Federal Rule of Criminal Procedure 6(c) provides that "[t]he foreperson . . . will sign all indictments." It is well settled, however, that "the foreman's duty to sign the indictment is a formality," and "the absence of the fore[person]'s signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 345 (1984) (citing *Frisbie v. United States*, 157 U.S. 160, 163-65 (1895)). Courts have routinely rejected jurisdictional challenges to indictments based solely on the absence of a foreperson's signature. *See*, *e.g.*, *United States v. Trevino*, 299 Fed. App'x 384, 385 5th Cir. 2008); *United States v. Curls*, 219 Fed. App'x 746, 751-52 (10th Cir. 2007); *United States v. Williams*, 258 Fed. App'x 564, 565 (4th Cir. 2007); *United States v. Williaman*, 437 F.3d 354, 360 (3d Cir. 2006), *cert. denied*, 547 U.S. 1208 (2006); *United States v. Irorere*, 228 F.3d 826, 830 (7th Cir. 2000); *United States v. Riley*, No. 09-cr-98 (PJS/RLE), 2009 WL 1954633, at *5 (D. Minn., July 6, 2009). Thus, whether the indictment is signed by the foreperson is a ministerial formality that, standing alone, is insufficient to invalidate the indictment.

In addition, Defendant's argument that the indictment was not signed by the foreperson is factually inaccurate. The Court has reviewed the entire case file in the Clerk's Office. The file contains copies of the signed indictment and the signed superseding indictment, both of which include the signatures of the Assistant United States Attorney as well as the Grand Jury foreperson. Pursuant to routine practice in this District, the Clerk of Court filed an unsigned copy of the indictment on the District of Minnesota's Case Management/Electronic Case Filing system in order to protect the identity of the Grand Jury foreperson from widespread disclosure. *See United States v. Reed*, 195 Fed. App'x 815, 819-20 (10th Cir. 2006), *cert denied*, 549 U.S. 1327 (2007) (observing that, "pursuant to the Judicial Conference of the United States and the E-Government Act of 2002, [Title 44 U.S.C. §§ 3601 *et seq.*,] documents containing identifying information about jurors or potential jurors are not included in the public case file," and holding that "Rule 6(c) does not require the foreperson's signature or identity to appear in the public file."); *United States v. Craft*, 2008 WL 942020 at *1 (E.D. Ark., Apr. 7, 2008) ("[I]n order to protect the identity of the foreperson, pursuant to the Court's normal procedure, the signature page is contained in a restricted file and does not appear in the public file.").

Defendant's other arguments similarly fail. First, Defendant argues that the members of the grand jury were not legally qualified under Rule 6. The exclusive means by which a defendant may move to dismiss the indictment on the ground of substantial failure to comply with the laws governing grand jury selection are set forth in 28 U.S.C. § 1867. Any motion under § 1867 must contain "a sworn statement of facts which, if true,

would constitute a substantial failure to comply" with the laws governing grand jury selection. *Id.* § 1867(d). This requirement is mandatory. *E.g.*, *United States v. Saunders*, 2008 WL 1886089, at *7 (M.D. Pa, Apr. 28, 2008); *United States v. Frumento*, 409 F. Supp. 136, 141-42 (E.D. Pa. 1976). Defendant has not submitted a sworn statement attesting to any facts which, if true, would constitute a substantial failure to comply with the laws governing grand jury selection. Without such a sworn statement, Defendant has provided no factual basis on which the Court could find members of the grand jury were not legally qualified under Rule 6. Even if it were to construe Defendant's *pro se* motion to contain such a sworn statement, this Court has reviewed the entire file of this matter and concludes that Defendant's challenge lacks any factual support and should therefore be denied.

Second, Defendant argues that the indictment must be dismissed because he was not brought before the Grand Jury in violation of his Fifth and Sixth Amendment rights. Defendant is incorrect. The Fifth Amendment confers in citizens a right to a grand jury. The Fifth Amendment does *not* confer in a defendant the right to be present at a grand jury that chooses to indict him. "The need to preserve the secrecy of grand jury proceedings is well acknowledged and is in fact proscribed by the Federal Rules of Criminal Procedure." *In re Grand Jury Subpoenas Dated Feb. 28, 2002, March 26, 2003, Oct. 4, 2004*, 472 F.3d 990, 994 (8th Cir. 2007) (citations omitted). In furtherance of this secrecy, Rule 6(d) sets forth who can be present while the grand jury is in session, deliberating, and voting; objects of a grand jury investigation are not included. Defendant

has not provided any evidence or credible argument that supersedes society's interest in the secrecy of grand juries.

Defendant's motions lack legal and factual support. Accordingly, the Court concludes that Defendant's motions should be denied.

## III. RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Suppress the Pawn America Video (ECF No. 105) be **DENIED**; and

2. To the extent Defendant's Pro Se Motions to Challenge Grand Jury Indictment Under Rule 6 and Motion for Bill of Particulars Under Rule 7 request dismissal of the indictment, Defendant's Motions (ECF Nos. 114-115) be **DENIED**.

Dated: July 7, 2015    s/ Tony N. Leung
                       Tony N. Leung
                       United States Magistrate Judge
                       District of Minnesota

*United States v. Spencer*
File No. 14-cr-322(1) (SRN/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **July 14, 2015.**