UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-322(1) (SRN/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Marvin Spencer (1), | |
| Defendant. | |

Benjamin Bejar and Thomas M. Hollenhorst, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Paul Applebaum, Applebaum Law Firm, First National Bank Building, 332 Minnesota Street, Suite W1610, St. Paul, Minnesota 55105, for Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above matter comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung [Doc. No. 138] filed on July 7, 2015. Defendant timely filed Pro Se Objections to the R&R [Doc. No. 143]. Based upon the Report and Recommendation of the magistrate judge, upon all of the files, records, and proceedings herein, the Court adopts the magistrate judge's recommendation and denies Defendant's Pro Se Motion to Suppress the Pawn America Video [Doc. No. 105], Pro Se Motion to Challenge the Grand Jury Indictment [Doc. No. 114], and Pro Se Motion for a Bill of Particulars [Doc. No. 115].

I.      BACKGROUND

A detailed recitation of the factual and procedural background of this case is found

in the R&R [Doc. No. 138], which the Court incorporates herein by reference. Defendant was charged in a Superseding Indictment with four counts: (1) interference with commerce by robbery, in violation of 18 U.S.C. § 1951; (2) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; (3) using, carrying, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (4) being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Superseding Indictment, Counts 1-4 [Doc. No. 93].) The charges in the Superseding Indictment relate to the July 21, 2014 robbery of a Pawn America pawn shop located in Roseville, Minnesota. (Id.) Defendant is alleged to have unlawfully and knowingly taken approximately $58,358.50 worth of jewelry in the presence of Pawn American employees, by means of actual or threatened force, violence, and fear of injury, and is also alleged to have discharged a firearm in the course of doing so. (Id.) Witness testimony, noted in a previous R&R of April 14, 2015 ("the April 14 R&R"), indicates that a Pawn America employee was shot in the leg during the robbery. (R&R of 4/14/15 at 3 [Doc. No. 100].)

The April 14 R&R also recounts witness testimony regarding Defendant's apprehension for the alleged offenses. (Id. at 4-5.) Relevant here is that in August 2014, law enforcement officers in Moline, Illinois received a tip that Defendant, for whom a Ramsey County arrest warrant had issued, was staying at a house in the Moline area. (Id. at 5.) Shortly after Defendant's arrest on August 26, 2014, Moline Police Officer Nicholas Wade took custody of Defendant, escorting him to a squad car. (Id.) Officer

Wade did not inform Defendant of his Miranda rights. During the drive to the Moline Police Department, Defendant asked Officer Wade if he would be able to keep some cash that he had left at the residence. (Id.) In order to answer the question, Officer Moline asked whether any drugs were in the house, to which Defendant responded in the negative. (Id.) Officer Wade then told Defendant that he would probably get his money back.[1] (Id.)

Shortly after arrival at the Moline Police Department, Defendant was placed in an interview room. (Id.) Because interviewers from the Roseville Police Department were arriving in Moline later than Officer Wade had anticipated, Officer Wade subsequently escorted Defendant back to his squad car and transported him to the Rock Island County Jail. (Id.) En route from the interview room to the squad car, Defendant asked Officer Wade about the charges on which the arrest warrant was based. (Id. at 6) (citing 8/26/14 Video Recording of Transport from 11:17-12:29 p.m., Gov't Ex. 3.) Relaying the information then at his disposal, Officer Wade stated that the warrant was for second-degree murder. (Id.) Defendant then made a self-incriminating statement in response. (Id.) In addition to the post-arrest statements made to Officer Wade, Defendant participated in a custodial interview. (Id. at 11.)

In November 2014, Defendant's initial counsel filed a motion to suppress Defendant's statement, noting that it appeared that only one statement was made by

---

[1] Defendant's statements made during his transport to the Moline Police Department do not appear to form the basis of his Objections. Nor have these statements been the subject of any suppression motion. In any event, Defendant may not challenge such statements here, to the extent that he seeks to do so.

Defendant during a custodial interview. (Mot. to Suppress Statements [Doc. No. 34].) Subsequent counsel thereafter moved to reopen the record regarding Defendant's Motion to Suppress Statements in order to obtain testimony "regarding the taking of his confession." (Mot. for Add'l Evid. [Doc. No. 55].) In February 2015, subsequent counsel specifically sought to suppress the self-incriminating statement made by Defendant to Officer Wade following Defendant's question about the basis for the arrest warrant. (Mot. to Suppress Statements at 2 [Doc. No. 67].)

The magistrate judge conducted four evidentiary hearings on these motions, at which several exhibits were admitted in evidence. (R&R of 4/14/15 at 1-3 [Doc. No. 100].) Among the exhibits relevant, for purposes of the instant Objections, are Government Exhibit 3, the recording of Defendant's transport to the Rock Island County Jail, during which he made the self-incriminating statement, and Government Exhibit 5, Officer Wade's report and transcription of events and conversations that occurred on August 26, 2014. (Id. at 3.)

Magistrate Judge Leung found in the April 14 R&R that Defendant's constitutional rights were not violated with respect to the self-incriminating statement made as Defendant was transported to the Rock Island County facility. (R&R of 4/14/15 at 10-11 [Doc. No. 100].) Accordingly, the magistrate judge recommended the denial of Defendant's motion to suppress this statement, as well as other statements made during Defendant's custodial interview, and statements made to another detainee during Defendant's transport from Moline to St. Paul, Minnesota. (Id.)

4

Although Defendant requested and received an extension of time in which to file objections to the April 14 R&R (see Pro Se Mot. [Doc. No. 120]; Order of 5/18/15 [Doc. No. 121]), he failed to file any objections. Accordingly, based upon this Court's review of the April 14 R&R, all of the files, records, and proceedings in this action, the Court adopted the April 14 R&R and denied Defendant's Motions to Suppress Statements [Doc. Nos. 34, 55, 67]. (Order of 6/15/15 at 1-2 [Doc. No. 129].)

During the period of time when a search for substitute court-appointed defense counsel was underway, Defendant filed the instant pro se motions [Doc. Nos. 105, 114, 115]. In the July 7, 2015 R&R, Magistrate Judge Leung recommended the denial of Defendant's Pro Se Motion to Suppress the Pawn America video. (R&R at 7 [Doc. No. 138].) In addition, to the extent that Defendant's Pro Se Motion to Challenge the Grand Jury Indictment [Doc. No. 114] and Pro Se Motion for a Bill of Particulars [Doc. No. 115] sought the dismissal of the Superseding Indictment, the magistrate judge recommended the denial of those motions as well.

## II. DISCUSSION

The district court must undertake an independent, de novo review of those portions of a R & R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b)(3).

Defendant objects to the R&R on the following grounds: (1) the Pawn America video was intentionally altered and is not accurate; (2) Defendant's Miranda rights were

5

violated in connection with any statements that he made while walking to the police car of the arresting officer, and therefore Government Exhibits 3 and 5 should be suppressed; and (3) Defendant did not appear before a judicial officer in a timely fashion. (Pro Se Objections at 1-3 [Doc. No. 143].) Defendant did not object to the magistrate judge's ruling with respect to his challenge to the grand jury and the Superseding Indictment and his request for a bill of particulars. His failure to make any specific objections to these rulings limits this Court's review of the R&R. The Court therefore adopts the magistrate judge's recommendations with respect to the rulings concerning the grand jury and Superseding Indictment as well as the bill of particulars.

### A. Suppression of Pawn America Video

As noted in the R&R, Defendant moves to suppress the Pawn America surveillance video of the alleged robbery, attacking its accuracy and authenticity. (Pro Se Mot. to Suppress. at 1-2 [Doc. No. 105].)

The magistrate judge properly noted that the admissibility of this video is an evidentiary issue for Defendant's trial, not an issue of constitutional dimensions to be addressed in a pretrial suppression motion. (R&R at 7 [Doc. No. 138]) (citing United States v. Seifert, 445 F.3d 1043, 1045-46 (8th Cir. 2006) (affirming trial court's admission of surveillance video where the record contained "no facts tending to show that the edited or enhanced videotape was inauthentic or untrustworthy."). Moreover, the Court agrees with Magistrate Judge Leung that "notwithstanding Defendant's bald assertions to the contrary, he has presented no facts tending to support his assertions of

foul play." (Id. at 7-8.) The Court finds that the magistrate judge's report is well reasoned and correctly applies the law to the facts of this case. Therefore, the Court adopts the recommendation of the magistrate judge and denies Defendant's motion to suppress the video tape. To the extent that Defendant seeks to challenge its accuracy or authenticity, he may raise this evidentiary issue at trial.

### B.     Additional Objections

#### 1.     Statements

As noted, Defendant also moves to suppress the self-incriminating statement that he made to Officer Wade, the arresting officer, during transport to the Rock Island County Jail. Specifically, Defendant objects to Government Exhibit 3, the squad car recording of that statement, and Government Exhibit 5, Officer Wade's report and transcription of the events of August 26, 2014. The magistrate judge's ruling on this constitutional issue, however, was contained in the April 14 R&R, to which Plaintiff failed to object. As noted, this Court, having carefully reviewed the magistrate judge's findings and recommendation, adopted the April 14 R&R and denied Defendant's Motions to Suppress. (Order of 6/15/15 at 1-2 [Doc. No. 129].) Defendant may not revisit that ruling now, having failed to timely object. See 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court finds that any objection to that ruling is waived.

Even if the Court were to consider Defendant's objections to this evidence on the merits, the Court would still adopt the April 14 R&R and overrule Defendant's objections. The Court agrees that Officer Wade's act of responding to Defendant's

7

question about the basis for the warrant does not amount to words or actions that the officer should have known were likely to elicit an incriminating response. Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (noting that "interrogation" that triggers the protections of Miranda can either be "express questioning" or words or actions "that the police should know are reasonably likely to elicit an incriminating response . . . .") Officer Wade responded to Defendant's direct question about the basis for the arrest warrant – he did not interrogate him for Miranda purposes simply by answering the question and informing him of the charge, to the best of his knowledge at the time. Nor do the circumstances here demonstrate that the statement was the result of police coercion or that Officer Wade misled Defendant or lulled him into a false sense of security. See United States v. Ingle, 157 F.3d 1147, 1150-51 (8th Cir. 1998) (finding that defendant's will was not overborne by coercive police activity where there was no evidence of intimidation). Accordingly, even on the merits, Defendant's objection fails and is overruled.

**2. Timely Appearance Before Judicial Officer**

Finally, Defendant objects to the R&R, asserting that he was not taken before a judicial officer in a timely fashion. (Objections at 3 [Doc. No. 143].) This issue was not addressed in the R&R, nor does it appear to have ever been the subject of a pretrial motion. Accordingly, it cannot form the basis of an objection here and is overruled.

IT IS HEREBY ORDERED that:

1. Defendant's Pro Se Motion to Suppress the Pawn America Video [Doc. No.

105] is **DENIED**;

2. Defendant's Pro Se Motion to Challenge the Grand Jury Indictment [Doc. No. 114] is **DENIED**;

3. Defendant's Pro Se Motion for a Bill of Particulars [Doc. No. 115] is **DENIED**;

4. Magistrate Judge Leung's R&R of July 7, 2015 [Doc. No. 138] is **ADOPTED**; and

5. Defendant's Pro Se Objections [Doc. No. 143] are **OVERRULED**.

Dated: August 18, 2015

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge