UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 14-cr-322 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Marvin Spencer (1), | |
| Defendant. | |

---

Thomas M. Hollenhorst, Assistant United States Attorney, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Paul Applebaum, Applebaum Law Firm, 332 Minnesota Street, Suite W1610, St. Paul, MN 55101 (for Defendant).[1]

---

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on the following motions:

1. Defendant's *pro se* Motion to Permit the Introduction of Rule 406 Habit and Routine Practice Evidence at Trial (ECF No. 139);

2. Defendant's *pro se* Motions in Limine and Supplemental Pre-Trial Motions (ECF Nos. 140, 142);

3. Defendant's *pro se* Motion to Re-Open the Suppression Hearing (ECF No. 141);

4. Defendant's *pro se* Motion to Dismiss under *Crawford v. Washington* (ECF No. 148);

---

[1] Although he was represented by counsel at the time of filing, Defendant filed the motions discussed herein *pro se*.

5. Defendant's *pro se* Motion for Relief and Money for Investigator (ECF No. 158);[2] and

6. Defendant's *pro se* Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 166).

These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Susan Richard Nelson, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.  Background

On October 7, 2014, Defendant was indicted on charges of (1) Interference with Commerce by Robbery; (2) Conspiracy To Interfere with Commerce by Robbery; (3) Using, Carrying and Discharging a Firearm During and in Relation to a Crime of Violence; and (4) Felon in Possession of a Firearm and Ammunition – Armed Career Criminal. (Indictment, ECF No. 20). Defendant is alleged to have robbed a Pawn America store in Roseville, Minnesota, and to have shot the store clerk in the leg. (*see* Compl., ECF No. 1). On April 8, 2015, Defendant was charged in a Superseding Indictment with (1) Interference with Commerce by Robbery; (2) Conspiracy To Interfere with Commerce by Robbery; (3) Using, Carrying and Discharging a Firearm During and in Relation to a Crime of Violence; and (4) Felon in Possession of Ammunition – Armed Career Criminal. (Superseding Indictment, ECF No. 93).

---

[2] Because this motion is interrelated with the Motions in Limine and Supplemental Pre-Trial Motions (ECF Nos. 140, 142) addressed in this Report and Recommendation, the Court addresses it herein, rather than in a separate order.

This case has been delayed for various reasons. This Court has held several hearings to resolve suppression motions. The first motions hearing was held December 10, 2014, (ECF No. 40); a second motions hearing was held February 10, 2015, (ECF No. 61); and a third motions hearing was held on March 2, 2015, (ECF No. 69). Defendant has been represented by three different attorneys and has made demands to represent himself. (ECF Nos. 45, 61, 69, 80, 92, 102, 109–111). The Court has held several hearings on Defendant's requests for new counsel. (ECF Nos. 61, 69, 92, 109). Defendant twice refused to appear to be arraigned on the superseding indictment. (ECF No. 108). This case was scheduled for trial on July 27, 2015, but defense counsel, on Defendant's request, moved for a psychological examination to determine whether Defendant was competent to stand trial or to assist in his own defense. (ECF No. 133). The motion was granted, (ECF No. 135), and a psychological examination was completed. (ECF No. 151). With Defendant found competent to proceed, this matter is finally ready for trial, pending the resolution of the instant and other motions.[3]

## II.   Defendant's *Pro Se* Motions While Represented by Court-Appointed Counsel

Defendant has filed the instant motions *pro se*, even though he is currently represented by counsel. As the Eighth Circuit has stated, "[t]here is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994) (citations omitted). Thus, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah*

---

[3] The undersigned has issued an Order, (ECF No. 171), resolving Defendant's other pending motions. (ECF Nos. 147, 155, 160, 167). A hearing is scheduled to resolve the remainder of Defendant's motions. (ECF Nos. 152, 161, 163, 164).

*v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). A court commits "no error" in refusing to rule on *pro se* motions raised by a represented party. *Agofsky*, 20 F.3d at 872.

While the Court would commit no error in declining to consider any of Defendant's *pro se* motions, other considerations prompt this Court to contemplate the merits of his motions. First, if the Court were to deny review of Defendant's motions, his remedy could be to terminate his attorney and reassert the arguments again or try to retain private counsel to raise the argument on his behalf. *Abdullah*, 240 F.3d at 686; *see Miller v. Kemna*, 207 F.3d 1096, 1098 (8th Cir. 2000) (Heaney, J., concurring) (reflecting on the "Hobson's choice" a petitioner faced when the court refused a *pro se* brief raising issues his appointed counsel refused to raise). In declining review, the Court might have to revisit the same arguments, just at a later date. This case has already seen many delays due to Defendant cycling through attorneys and otherwise attempting to delay these proceedings. The interests of justice would not be served by putting off these motions to a later date. Second, by resolving Defendant's outstanding grievances, this Court advances this matter towards trial, which has been rescheduled several times. Therefore, this Court will address Defendant's *pro se* motions even though he is represented by counsel.

**III.   Motion to Permit the Introduction of Rule 406 Evidence at Trial**

Defendant seeks an order permitting him to introduce habit and routine practice evidence at trial pursuant to Federal Rule of Evidence 406. (ECF No. 139). Under Rule 406, "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. The court "may admit this evidence

4

regardless of whether it is corroborated or whether there was an eyewitness." Fed. R. Evid. 406. However, only relevant evidence is admissible. Fed. R. Evid. 402. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In his motion, Defendant lists several police reports and court transcripts and filings he seeks to admit under Rule 406. (ECF No. 139, at 1–3). As the Government points out, Defendant does not identify the person or organization whose habit or routine practice he seeks to establish. Nor does Defendant explain how the listed police reports and court filings would constitute evidence of a person's habit or an organization's routine practice. Defendant has not proffered, even minimally, how this evidence may be relevant, much less put the Court in a position to address evidentiary concerns, for example, such as those under Fed. R. Evid. 403. Defendant's motion should be denied at this time. Defendant may attempt to offer Rule 406 evidence at trial, subject to the Federal Rules of Evidence.

## IV.  Motions in Limine and Supplemental Pre-Trial Motions (ECF Nos. 140, 142)[4] and Motion for Relief and Money for Investigator (ECF No. 158)

In his "Motions in Limine and Supplemental Pre-Trial Motions" (ECF Nos. 140, 142) and Motion for Relief and Money for Investigator (ECF No. 158), Defendant asserts various arguments that relate to previous suppression motions decided by this Court. (*see, e.g.*, ECF No. 105). Defendant seeks to suppress photographic still images taken from the Pawn America surveillance system video, which he alleges have been altered to match his likeness. To prove this, Defendant requests an expert witness for the purpose of describing how the photographic still images have been altered. Defendant also requests that an image of a scar on his right arm be suppressed because his former attorney provided it to the Government.

In considering Defendant's previous motion to suppress the Pawn America video and request for an expert witness in its July 7, 2015, Report and Recommendation, this Court, found that:

> Defendant's motion attacks the accuracy and authenticity of the Pawn America surveillance video of the alleged robbery, arguing that the images in the video have been altered by using Adobe Photoshop or some other photo-editing software. Although the accuracy and authenticity of the Pawn America video is very likely an important evidentiary issue for Defendant's trial, it is an evidentiary issue, not an issue of constitutional dimensions to be raised in a pretrial motion to suppress. . . . Moreover, notwithstanding Defendant's bald protestations to the contrary, he has presented no facts tending to support his assertions of foul play.

---

[4] These motions are identical except ECF No. 140 is signed, while ECF No. 142 is not. This Court will consider the filings together as a single motion.

(R&R, ECF No. 138, at 7–8, July 7, 2015). The District Court agreed, stating that "the admissibility of this video is an evidentiary issue for Defendant's trial . . . . To the extent that Defendant seeks to challenge its accuracy or authenticity, he may raise this evidentiary issue at trial." (Order, ECF No. 145, at 6–7, Aug. 18, 2015).

As noted, the Pawn American surveillance video and photographic still images have not been suppressed. In fact, some of the photographic still images were submitted *by Defendant* at his first suppression hearing. (ECF No. 100, at 2, *adopted by* Order, ECF No. 129, June 15, 2015). To the extent that Defendant seeks to re-open the suppression hearing on this matter, it should be denied. The authenticity of evidence is a trial question to be determined by the trial court. Fed. R. Evid. 901. The Government states that it intends to offer witness testimony regarding the authenticity of the video and the methods used to capture and enhance the photographic still images. (ECF No. 154, at 3). Accordingly, Defendant will have the opportunity to challenge the accuracy and authenticity of the Pawn American video and photographic still images at trial. Defendant also requests an expert witness to prove the photographic still images have been altered. Defendant's request for an expert is baseless, frivolous, and has already been denied by this Court. (ECF Nos. 138, 145).

Defendant also seeks to suppress an image of a scar on his right arm, noting that it was provided to the Government by his previous attorney, thereby violating his attorney-

client relationship.[5] Defendant provides only bald assertions that his rights were violated, providing little to no information as to the origin of the photo of the scar. Without this information, the Court does not know if the Government previously had the photo, if Defendant's previous attorney took the photo then provided it to the Government, or something entirely different. If the Government proffers the photograph of the scar as evidence, Defendant may try to object by arguing that its admission violates the Federal Rules of Evidence in some manner.

Regardless of how the Government acquired the photo, however, the trial court could, if it so concluded, direct Defendant to display his scar to the jury, bypassing the photograph altogether. *See Gardner v. Norris*, 949 F.Supp. 1359, 1374 (E.D. Ark. 1996) (holding that criminal defendants do not suffer constitutional harm when they are asked to display tattoos); *United States v. Greer*, 631 F.3d 608, 612–613 (2d Cir. 2011) (noting that the Fifth Amendment is not violated where a witness relies on the body itself or other physical characteristics such as a scar, tattoo, blood sample, or a handwriting exemplar to identify a defendant). Given this line of cases, Defendant could not refuse, if directed by the trial court, to produce information such as the photograph of his scar merely because it contains incriminating evidence. *United States v. Hubbell*, 530 U.S. 27, 35 (2000). Thus, if Defendant is asserting that his attorney violated attorney-client privilege by providing such a photo, his assertions are unavailing. Furthermore, the Government could skip over the photograph entirely and rely upon Defendant showing his arm at trial. Such

---

[5] Defendant makes other accusations that his previous attorney violated the attorney-client relationship. However, Defendant's own filings show that the Minnesota Office of Lawyers Professional Responsibility has rejected these accusations. (*See* ECF No. 169).

an action would not implicate the photograph of the scar at all, rendering Defendant's complaints moot. Accordingly, should Defendant object to showing his scar to the jury and/or the photographic still image, he may attempt to make such an objection at trial.

Finally, Defendant seeks money for an investigator in order to prove that the Government is fabricating evidence, witness tampering, mail tampering, and suppressing evidence. Outside of rehashing arguments he has previously made in this proceeding, Defendant provides no basis for his motion except for a bald assertion that his attorney is conspiring against him. Throughout this case, Defendant has made ungrounded accusations that the Government has fabricated evidence and denied his right to a fair trial. Absent anything more than a conclusory and unsupported allegation, this Court will not grant Defendant money for an investigator. *See United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) ("An indigent criminal defendant may not use § 3006A(e)(1) to fund a speculative 'fishing expedition.' Rather, '[a]n indigent defendant may obtain authorization for investigative, expert, or other services under 18 U.S.C. § 3006A(e)(1) upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced.' Under this standard, '[a] district court need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something.'" (quotations omitted).

### V.     Motion to Re-Open the Suppression Hearing and Motion to Suppress

Defendant asks the Court for a *fourth* suppression hearing. (ECF Nos. 141, 166). Defendant argues that newly discovered evidence relating to the July 25, 2014 arrest of Marvin Spencer, Jr., should be suppressed. Defendant seeks to suppress evidence found

9

during the arrest of and statements made by his son, Marvin Spencer, Jr., for violating his Fourth, Fifth, and Sixth Amendment rights. Specifically, Defendant argues that Marvin Spencer, Jr.'s rights were violated because law enforcement entered a motel room without consent or a warrant, without a sufficient showing of probable cause, or relied upon information from an unreliable third party. Defendant also seeks to suppress the interview of a victim for violating warrant requirements. Defendant does not allege that he was present at either the time Marvin Spencer, Jr., was arrested or interviewed, or when the victim was interviewed.

Defendant's arguments fail because he has no standing to challenge the arrest or interview of third persons. *United States v. Douglas*, 744 F.3d 1065, 1071 (8th Cir. 2014) ("Fourth Amendment rights are personal and may not be vicariously asserted. . . . A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.") (quoting *Alderman v. United States*, 394 U.S. 165, 174 (1969), and *Rakas v. Illinois*, 439 U.S. 128, 134 (1978)). Moreover, Defendant has had three opportunities to argue suppression issues in this matter, and permitting a frivolous fourth attempt would serve no purpose but to further delay this case. Defendant's requests should be denied.

### VI.   Motion to Dismiss under *Crawford v. Washington*

Defendant submitted a motion to dismiss this case pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004). (ECF No. 148). Defendant's asserts that all witnesses, including the victims, must come to Court and take the stand, and that any police

statements used in court without the victims testifying would violate Defendant's right to confrontation. The Government states that it does not intend to offer at trial any inadmissible hearsay in the form of "police statements" because it will call the police officers to testify themselves, thereby subjecting them to cross-examination. (ECF No. 157, at 2).

Defendant is correct that he has a confrontation right. "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'" *Crawford v. Washington,* 541 U.S. at 42 (quoting U.S. CONST. amend. VI). The Supreme Court held that the Confrontation Clause bars the admission of a witness's out-of-court testimonial statements unless the witness is unavailable and the defendant had a prior opportunity to cross examine the witness. *Id.* at 53–54; *Davis v. Washington,* 547 U.S. 813, 821 (2006). The Confrontation Clause applies only to testimonial hearsay statements, thus, "in order to fall within the purview of the Confrontation Clause, the evidence not only must be testimonial but also must be offered for the truth of the matter asserted." *United States v. Wright*, 739 F.3d 1160, 1170 (8th Cir. 2014) (citations omitted). If the underlying statement is testimonial but not hearsay, it can be admitted without violating the defendant's Sixth Amendment rights. *Crawford,* 541 U.S. at 59 n. 9 ("The Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

The "the right to confrontation is a *trial* right." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) (emphasis in original); *see Williams v. Illinois*, 132 S.Ct. 2221, 2232 (2012)

11

(noting *Crawford* held that the confrontation right applied to testimonial statements of witnesses absent from *trial*). Because Defendant is not yet in trial, his Confrontation Clause rights have not been violated. Therefore, the Court recommends that this motion seeking dismissal be denied.

## VII. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's *pro se* Motion to Permit the Introduction of Rule 406 Habit, Routine, and Practice Evidence at Trial (ECF No. 139) be **DENIED** as described herein;

2. Defendant's *pro se* Motions in Limine and Supplemental Pre-Trial Motions (ECF Nos. 140, 142) and Motion for Relief and Money for Investigator (ECF No. 158) be **DENIED** as described herein;

3. Defendant's *pro se* Motion to Re-Open the Suppression Hearing (ECF No. 141) and Defendant's *pro se* Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (ECF No. 166) be **DENIED** as described herein; and

[Continued on next page.]

4. Defendant's *pro se* Motion to Dismiss under *Crawford v. Washington* (ECF No. 148) be **DENIED** as described herein.

Date:   December 11, 2015                              *s/ Tony N. Leung*
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *United States v. Spencer*
                                                      Case No. 14-cr-322(1) (SRN/TNL)

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.