## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Marvin Spencer,<br><br>            Defendant. | Case No. 14-cr-322 (SRN/TNL)<br><br><br>**ORDER** |

Benjamin Bejar and Thomas M. Hollenhorst, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Paul Applebaum, Applebaum Law Firm, 322 Minnesota St., Ste. W1610, St. Paul, MN 55101, for Defendant Marvin Spencer.

SUSAN RICHARD NELSON, United States District Judge

On August 11, 2016, this Court held a hearing and sentenced the Defendant Marvin Spencer ("Spencer") based on his convictions for various crimes related to an armed robbery he committed in July of 2014.  (See Court Minutes dated August 11, 2016 [Doc. No. 265].)  At that hearing, the Court held that, pursuant to the United States Supreme Court's recent decision in Mathis v. United States, 136 S. Ct. 2243 (2016), the Armed Career Criminal Act's (ACCA) enhancement did not apply to Spencer's sentence.  The Court stated its reasons for this decision on the record at the hearing.  To ensure a complete record, the Court now issues this order memorializing those reasons and that ruling.

Spencer has three prior felony convictions which may qualify as predicate offenses under the ACCA: (1) an Illinois conviction for burglary, (2) a Minnesota conviction for first-degree aggravated robbery, and (3) a Minnesota conviction for third-degree burglary.  In order for the ACCA's enhancement to apply, all three of these prior convictions must qualify as violent felonies under the ACCA.

Spencer argues that his Illinois burglary conviction does not constitute a predicate offense under the ACCA in light of <u>Mathis</u>.  At the hearing, counsel for Spencer also argued that his third-degree Minnesota burglary conviction could no longer be considered a predicate offense.  Before turning to the Illinois burglary conviction, the Court addresses Spencer's Minnesota burglary and robbery convictions.  This district, in <u>United States v. Pape</u>, 2016 WL 4074139 (D. Minn. July 29, 2016), held that Minnesota's third-degree burglary statute qualified as a predicate offense under the ACCA even in light of the Supreme Court's recent decision in <u>Mathis</u>.  The Court agrees with the reasoning in <u>Pape</u>.

Spencer does not directly challenge his Minnesota robbery conviction as a predicate offense, nor could he.  Minnesota's first-degree aggravated robbery statute is unaffected by <u>Mathis</u> because, as previously noted by the Eighth Circuit in <u>United States v. Rucker</u>, 545 F. App'x 567 (8th Cir. 2013), it has as an element the use, attempted use, or threatened use of physical force, making it distinct for the purposes of an ACCA analysis.  Thus, whether the ACCA's enhancement applies to Spencer's sentence depends entirely on whether his Illinois burglary conviction is a predicate offense.

Two other matters bear mentioning.  First, as far as the Court can tell, this Court is

the first to consider whether Illinois' burglary statute qualifies as a predicate offense under the ACCA in light of <u>Mathis</u>.  The issue was presented to the Seventh Circuit in <u>Dawkins v. United States</u>, 2016 WL 3854238, but that court declined to address it. Second, numerous other courts have held that, in light of <u>Mathis</u>, various states' burglary statutes do not qualify as predicate offenses under the ACCA.  Examples of such cases are <u>United States v. Cloud</u>, 2016 WL 3647785 (E.D. Wash. June 24, 2016), <u>Wojcieszak v. United States</u>, 2016 WL 3637274 (S.D. Fla. July 1, 2016), <u>United States v. Hawkins</u>, 2016 WL 3645154 (D. Neb. June 30, 2016), and <u>United States v. Barnett</u>, 2016 WL 3983318, at *2 (E.D. Ky. July 25, 2016).

The Illinois burglary statute Spencer was convicted under in 1990 reads in relevant part, "a person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle, railroad car, or any part thereof, with intent to commit therein a felony or theft."  720 Ill. Comp. Stat. § 5/19-1 (1990).  The Court must assess whether that statute is broader than the "generic burglary" encompassed by the ACCA.  If it is broader, Spencer's Illinois burglary conviction is not a predicate offense.  As the Supreme Court described in both <u>Mathis</u> and <u>Taylor</u>, the elements of generic burglary are "an unlawful or unprivileged entry into ... a building or other structure, with intent to commit a crime."  <u>Mathis</u>, 136 S. Ct. at 2248 (quoting <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990)).

Whether Illinois' burglary statute is broader than generic burglary depends on whether its list of places that might be burgled, "building, housetrailer, watercraft," etc., are considered alternative elements of the crime, or alternative means by which the crime

3

may be committed.  If they are alternative elements, then Spencer's Illinois burglary conviction falls within the definition of generic burglary encompassed by the ACCA and qualifies as a predicate offense.  If they are alternative means, the Illinois burglary statute is broader than generic burglary and Spencer's conviction is not a qualifying predicate offense.

According to Mathis, elements are the "constituent parts of a crime's legal definition" which means that they are what must be proven beyond a reasonable doubt, or admitted by the defendant, for a conviction.  136 S. Ct. at 2248 (quotations omitted).  Means or facts are "circumstances" or "events" that are "extraneous to the crime's legal requirements" and have "no legal effect or consequence."  Id. (quotations omitted).  Thus, if a criminal statute contains alternative elements, it defines multiple crimes and one or more of those crimes may fall within the generic definition of a crime as encompassed by the ACCA while others may not.  See id.

The same is not true if the statute simply contains alternative means.  Alternative means are ways in which a particular element of a crime may be proven or established, but are not themselves required elements.  See id.  The question then is whether the Illinois burglary statute lists alternative elements or alternative means.

Mathis instructs this Court to look at the language of the statute itself, the legislative history surrounding it, and any state court decisions to determine whether the statute contains alternative elements or means.  See id. at 2256.  The Court may also "peek" at the records of Spencer's conviction, but only for the "sole and limited purpose of determining whether the listed items are elements of the offense."  Id. at 2256–57

4

(quotations omitted).  <u>Mathis</u> considered Iowa's burglary statute, which in relevant part made it a crime to burglarize "occupied structures."  See <u>id.</u> at 2250, 2259.  That term was separately defined to include a wide range of buildings, structures, and vehicles.  <u>See</u> <u>id.</u>  The majority in <u>Mathis</u> concluded that Iowa's statute was broader than generic burglary, and thus not a predicate offense under the ACCA, because "those listed locations are not alternative elements, going toward the creation of separate crimes.  To the contrary, they lay out alternative ways of satisfying a single locational element . . . ." <u>Id.</u> at 2250.  The majority noted that the Iowa Supreme Court previously held as much, finding that it was unnecessary for a jury to unanimously conclude exactly which of the location types was burgled, so long as they agreed the locational element was met in general.  <u>Id.</u>

The Illinois burglary statute is very similar to the Iowa statute examined by <u>Mathis</u>.  It contains a single locational element that may be proven through evidence showing that a defendant burglarized one or more of the enumerated locations, i.e. alternative means.  The Government disagrees and argues that the enumerated locations are alternative elements of the crime.  The Government, of course, has the burden of proof on this issue.  <u>See</u> <u>United States v. Foster</u>, 674 F.3d 391, 400 (4th Cir. 2012), <u>as</u> <u>amended</u> (Mar. 8, 2012); <u>United States v. Hughes</u>, 266 F. App'x 154, 156 (3d Cir. 2008).

First, the Government asks that the Court look at Spencer's plea, where he pled guilty to "burglary in that he, without authority, knowingly entered a building the property of [an individual or entity whose name was redacted], with the intent to commit therein a theft."  The Government argues that because this plea recites almost word-for-

word the elements of generic burglary under the ACCA, Spencer's Illinois burglary conviction is a predicate offense. But looking to the record of conviction to determine whether a particular defendant was, in a particular instance, convicted of the equivalent of generic burglary is precisely what <u>Mathis</u> prohibits this Court from doing. A "peek" at the records of conviction is only allowed for the limited purpose of determining whether the listed locations are alternative elements or means. As the majority in <u>Mathis</u> held, "the ACCA disregards the means by which the defendant committed his crime, and looks only to that offense's elements." 136 S. Ct. at 2256.

Second, the Government looks to differentiate the Illinois and Iowa statutes by noting that the Iowa statute enumerated the places that might be burgled in a separate section while the Illinois statute lists the alternative locations within a single statutory section. The Government also highlights that the Illinois statute incorporates by reference a definitional section that defines "motor vehicle," but none of the other places that might be burgled. The Government contends that if the Illinois legislature considered each location to only be a means to commit burglary and not an element, it would not have "parsed out" one of the terms but not the other.

Again, however, the majority in <u>Mathis</u> disagrees with the Government's position. In fact, <u>Mathis</u> explicitly compared two hypothetical burglary statutes: one that only used the term "premises," with no further elaboration to describe the localities that might be burgled, and another that enumerated possible locations such as a house, a building, and a car. 136 S. Ct. at 2255. The majority found this distinction to be irrelevant—both

statutes included locations that were broader than that in generic burglary and thus neither constituted a predicate offense under the ACCA.  Id.

Third, the Government points to Illinois' pattern jury instructions as evidence that the various locations listed in the statute are alternative elements and not means.  Illinois' pattern jury instructions direct that a trial court select the enumerated locality that is relevant to a case and present only that locality when instructing the jury.  See Ill. Pattern Jury Instr.-Criminal 14.01.  So, for instance, the instruction on the crime of burglary in a case where the defendant was accused of burglarizing a building would read "a person commits the offense of burglary when he, without authority, knowingly enters a building with intent to commit therein the offense of theft," instead of "a person commits the offense of burglary when he, without authority knowingly enters a building, housetrailer, watercraft, aircraft, railroad car, or motor vehicle" and so on.  The same would be true for the instruction regarding the elements of the crime.  See Ill. Pattern Jury Instr.-Criminal 14.07.

The Court finds this to be the Government's most convincing argument, but under Mathis, it still cannot prevail.  Mathis recognized that record documents, like jury instructions and indictments "could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime."  136 S. Ct. at 2257.  But that is not what Illinois' jury instructions tell us here.

In most instances, it is likely undisputed what type of location a defendant is accused of burglarizing, thus the indictment, plea, and/or jury instructions would list only

the relevant location.  But, suppose there was a case where a defendant was accused of burglarizing a tent that was erected on a floating dock or raft.  Arguably, it would be unclear whether that tented raft was a building or a watercraft.  Under Illinois' burglary statute, it is a crime to burglarize either a tent, which is considered a building according to People v. Netznik, 383 N.E.2d 640 (Ill. App. Ct. 1978), or a watercraft.  The tented raft would qualify as one or the other.  The jury would not decide, nor would the State be required to prove, whether that structure was a building or a watercraft.

This hypothetical demonstrates why, according to the reasoning in Mathis, the locality options in Illinois' burglary statute are alternative means and not alternative elements.  That statute contains a single locational element that may be satisfied or proven by alternative means or facts.  Which alternative mean is implicated in a particular instance does not affect what must be proven or admitted for a conviction.

The Court is aware of, and sympathetic to, the dissent of Justices Breyer and Ginsburg in Mathis.  See 136 S. Ct. at 2259–66.  To quote from that dissent, "Whether a State considers the statutory words 'boat' or 'building' to describe elements of a crime or a means of committing a crime can make a difference for purposes of applying the State's criminal law, but it should not make a difference in respect to the sentencing question at issue here."  Id. at 2261.  Respectfully, the majority opinion in Mathis moves the focus of federal sentencing under the ACCA further away from assessing whether a particular defendant's prior convictions were for violent felonies and towards the somewhat esoteric exercise of assessing whether a particular state statute contains alternative elements or means.  See id. at 2262 ("The federal judge should be able to 'look ... to' the

8

charging documents and the plea agreement to see if 'the jury necessarily had to find an entry of a building,' rather than a boat, 'to convict.'  If so, the federal judge should be able to count the conviction as a federal-statute 'burglary' conviction and use it for sentencing." (quoting Taylor, 495 U.S. at 602)).  Furthermore, the practical result of Mathis is that many prior convictions under numerous state burglary statutes, for arguably violent crimes, no longer qualify as predicate offenses under the ACCA.  See id. at 2263–64.  This result is at odds with the fact that burglary is specifically enumerated as a type of violent felony under the ACCA.  See 18 U.S.C. § 924(e)(2)(B)(ii).

However, this Court's reservations on these issues are immaterial.  The majority opinion in Mathis is clear and dictates the result here.  Thus, the Court holds that Spencer's 1990 Illinois burglary conviction is not a predicate violent felony conviction under the ACCA.  Illinois' burglary statute contains alternative means, not alternative elements, according to the reasoning set forth in Mathis.  The statute's locational element is broader than that of generic burglary and thus Spencer's conviction does not qualify as a predicate offense under the ACCA.  With Spencer's Illinois burglary conviction disqualified, the three predicate offenses necessary to apply the ACCA's sentencing enhancement are lacking.

Dated:  August 16, 2016                    s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge