# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 14-322(1) (SRN/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Marvin Spencer (1), | |
| Defendant. | |

Benjamin Bejar and Thomas M. Hollenhorst, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff United States of America

Marvin Spencer, No. 18164-041, FCI-Gilmer, PO Box 6000, Glenville, West Virginia 26351-6000, *Pro Se*

SUSAN RICHARD NELSON, United States District Judge

Before the Court are two motions filed by Marvin Spencer, *pro se*: (1) Motion for the Appointment of Counsel [Doc. No. 321]; and (2) Motion for an Extension [Doc. No. 323]. For the reasons set forth below, the Court denies without prejudice Spencer's Motion for Appointment of Counsel and denies his Motion for an Extension.

## I.      BACKGROUND

Following a February 2016 jury trial, Spencer was found guilty of robbery, conspiracy to commit robbery, discharging a firearm during and in relation to a crime of violence, and being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 371, 922(g)(1), 924(c), and 1951.  (See Redacted Jury Verdict [Doc. No. 188].)  In

August 2017, this Court sentenced Spencer to 257 months in prison. (See Am. Sentencing J. at 2 [Doc. No. 269].)

Spencer's counsel filed a direct appeal with the Eighth Circuit Court of Appeals, challenging the sufficiency of the evidence and the reasonableness of the sentence, and Spencer also filed a *pro se* brief challenging this Court's jurisdiction, counsel's effectiveness, and the validity of his conviction under 18 U.S.C. § 924(c) in light of Johnson v. United States, 135 S. Ct. 1551 (2015). See United States v. Spencer, No. 16-3435, 2017 WL 4005119, at *1 (8th Cir. Sept. 12, 2017) (per curiam) [Doc. No. 324].)

While his appeal was pending with the Eighth Circuit, Spencer filed the instant motions in April and June, 2017. On September 12, 2017, the Eighth Circuit denied Spencer's appeal, Spencer, 2017 WL 4005119, at *1, entered judgment, (see 8th Cir. Judgment [Doc. No. 325]), and issued its mandate on October 3, 2017. (8th Cir. Mandate [Doc. No. 326].) In response to Spencer's request for an extension to file a petition for rehearing, on October 4, 2017, the Eighth Circuit recalled the mandate and granted Spencer an extension. Although the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," see Griggs v. Provident Consumer Discount. Co., 459 U.S. 56, 58 (1982) (per curiam), the instant motions for appointment of counsel and an extension are not aspects of Spencer's case on appeal. Accordingly, the Court considers Spencer's pending motions.

## II. DISCUSSION

### A. Filing Extension

Spencer seeks an extension of time in which to file a motion under 28 U.S.C. § 2255, noting his awareness of the one-year statute of limitations applicable to such motions. (Mot. for Extension at 1.) Both the docketed and original copies of Spencer's Motion for an Extension are so faintly printed as to be nearly illegible, but Spencer appears to state that the basis for his motion arises under Johnson. (See id.) Explaining his need for additional time, Spencer appears to argue that his facility has withheld his legal materials, and that periods of confinement in the facility's Special Housing Unit, or "SHU," and transfer between prisons, have hindered his filing ability. (Id.)

Section 2255(a) provides a limited means of relief for prisoners claiming a right to release from custody based on sentencing errors. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). A one-year statute of limitations applies to Section 2255 motions, which runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court is unaware of any controlling legal authority empowering it to prospectively grant the relief that Spencer seeks, i.e., an extension to the express time limitations set forth in § 2255(f). The statute itself does not confer any authority upon district courts to grant this relief, nor does any statute or controlling case law give this Court the authority to do so.[1] Nor does Spencer identify any such authority.

While no legal authority provides for prospective relief in meeting the one-year filing deadline, a very limited measure of relief exists retroactively. After a petitioner

---

[1] The Court acknowledges that in Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001), the Second Circuit Court of Appeals found that district courts may grant extensions for filing § 2255 motions, but only if the motion is filed concurrently with a § 2255 motion or could be construed as such. Otherwise, the court held, district courts lack jurisdiction, since a motion for an extension of time is not, by itself, a case or controversy conferring jurisdiction. Id. at 82-83. Some district courts within the Eighth Circuit have relied upon Green, finding a lack of jurisdiction where there was no concurrently-filed § 2255 motion, nor could the extension-requesting motion be construed as a § 2255 motion. See, e.g., Howard v. United States, No. 4:10CV300 CEJ, 2010 WL 1424026, at *1 (E.D. Mo. Apr. 9, 2010); United States v. Haines, No. 4:09CV191 CDP, 2009 WL 272869, at *1 (E.D. Mo. Feb. 3, 2009); United States v. Anderson, 03–CR–426 (RHK/SJB), 2007 WL 2973838, at *2 (D. Minn. Oct. 9, 2007). This Court is unaware of any U.S. Supreme Court or Eighth Circuit authority requiring this analysis, however. The Second Circuit's decision in Green and other district court decisions are not binding on this Court, which is required to only follow the precedent of the U.S. Supreme Court and the Eighth Circuit in cases arising under federal law. Finding no bar to jurisdiction, the Court therefore exercises its jurisdiction over Spencer's Motion for an Extension.

Moreover, given the stringent limits on second or successive motions under § 2255, and the possible future risk to Spencer if this Court were to construe his motion as a § 2255 motion, albeit with a warning, see 28 U.S.C. §§ 2244(b)(3)(E); 2255(h); Castro v. United States, 540 U.S. 375, 383 (2003), the Court declines to undertake the review contemplated by Green.

files a § 2255 motion, but fails to meet the one-year deadline, district courts may equitably toll the statute of limitations, if extraordinary circumstances beyond the petitioner's control prevented the timely filing of the motion.[2] United States v. Martin, 408 F.3d 1089, 1092–93 (8th Cir.2005).

But even if the Court were authorized to grant the prospective relief that Spencer seeks here, which it is not, his request would be premature. Section 2255(f) starts the running of the limitations period on the latest of the four enumerated events quoted above. Assuming without deciding that § 2255 (f)(1) applies, the limitations period would only begin to run when Spencer's judgment of conviction becomes final. Although § 2255 does not define finality, the U.S. Supreme Court has held that a judgment of conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). Here, because the Eighth Circuit only recently denied Spencer's direct appeal on September 12, 2017, the 90-day period in which to file a petition for a writ of certiorari is has not expired. See Sup. Ct. R. 13 (stating that a petition for a writ of certiorari must be

---

[2] For equitable tolling to apply, the petitioner must show: (1) extraordinary circumstances prevented filing on a timely basis, and (2) the petitioner was diligent in pursuing the Section 2255 motion. Martin, 408 F.3d at 1093–95. Equitable tolling is an "exceedingly narrow window for relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).

5

filed within 90 days after entry of judgment).³ The Court cannot adjudicate the actual expiration date of the one-year limitations period under § 2255 here, nor will it speculate. But because finality has not yet attached to Spencer's direct appeal, the clock on Spencer's one-year limitations period for filing a § 2255 motion has not yet started to run. Accordingly, because this Court possesses no legal authority to grant an extension, Spencer's motion is denied.

B.   **Motion to Appoint Counsel**

In his Motion for Appointment of Counsel, Spencer requests appointed counsel "to perform a preliminary review of the case in light of Johnson v. United States, 135 S. Ct. 2551 (2015)." (Def.'s Mot. at 1 [Doc. No. 321].)  The court assumes that Spencer requests the appointment of counsel with regard to the filing of an anticipated  § 2255 motion.

A federal prisoner filing a § 2255 motion does not have a constitutional right to the appointment of counsel.  United States v. Hubbard, No. 09–cv–23 (ADM/JJG), 2012 WL 6652865, at *4 (D. Minn. Dec. 21, 2012) (citing Baker v. United States, 334 F.2d 444, 447–48 (8th Cir. 1964) (holding that § 2255 litigants have no constitutional right to appointment of counsel).  Rather, the decision to appoint counsel in a § 2255 case lies in the sound discretion of the district court, Baker, 334 F.2d at 448, which determines

---

³ Also, for the purpose of starting the clock on the one-year limitation period under § 2255, the U.S. Supreme Court has held that the time to file a petition for a writ of certiorari starts to run from the date of entry of the judgment sought to be reviewed, and not from the issuance date of the mandate. Clay, 537 U.S. at 524-25.

6

whether the "the interests of justice so require" appointed counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). In making this determination, the district court must first consider whether the petitioner has presented non-frivolous claims. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). If the claims presented are frivolous or otherwise without merit, they must be dismissed on the merits without the appointment of counsel. Id. However, if the petitioner presents non-frivolous claims, the court is guided by factors in evaluating whether counsel should be appointed, including "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Battle, 902 F.2d at 702 (citations omitted).

All of the bases for Spencer's anticipated § 2255 motion are not entirely clear. He simply alludes to Johnson in his Motion for an Extension, without further elaboration. In addition to his two motions, Spencer filed a memorandum entitled "Memorandum in Support of Petition" [Doc. No. 322], which was docketed in support of his Motion for Appointment of Counsel. The Court is uncertain, however, if the Memorandum was meant to accompany the Motion for an Extension or the Motion for Appointment of Counsel. Because the Court is unable to ascertain all of the bases for Spencer's contemplated filing under § 2255, his motion is denied without prejudice. Should Spencer seek to renew this request in the future, he must clearly identify all of the claims that he believes he has under § 2255. See Castro, 540 U.S. at 383. Based on what is currently filed, the Court is skeptical that any of the arguments raised in the instant

motions or in the Memorandum could, in their present form, constitute the type of non-frivolous and procedurally viable claims under § 2255 that might warrant the appointment of counsel. Accordingly, the Court will consider a renewed motion for appointed counsel in the future, should Spencer clearly identify the bases for his claims.

THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's *Pro Se* Motion for the Appointment of Counsel [Doc. No. 321] is **DENIED WITHOUT PREJUDICE**; and

2. Defendant's *Pro Se* Motion  Motion for an Extension [Doc. No. 323] is **DENIED**.

Dated: October 10, 2017

                                                  s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge