## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Marvin Spencer,<br><br>    Defendant. | Case No.14-cr-322(1) (SRN/TNL)<br><br><br>**ORDER** |

Thomas Hollenhorst and Benjamin Behar, United States Attorney's Office, 300 South Fourth Street, Ste. 600, Minneapolis, MN 55415, for the Government

Marvin Spencer, Reg. No. 18164-041, USP-Coleman II, P.O. Box 1034, Coleman, FL 33521, Pro Se

SUSAN RICHARD NELSON, United States District Judge

   This matter is before the Court on Defendant Marvin Spencer's Pro Se Motion to Vacate Under § 2255 (" § 2255 Motion") [Doc. No. 337] and his Pro Se Amended Motion to Vacate Under § 2255 ("Amended § 2255 Motion") [Doc. Nos. 345 & 346], (collectively, his "§ 2255 Motions").[1]  The Government opposes Spencer's § 2255 Motions [Doc. Nos.

---

[1] Although docket number 345 is separately captioned "Movant's Motion to Amend § 2255 Motion" and docket number 346 is captioned as "Amended Motion to Vacate Under § 2255," the Court construes them together as Spencer's "Amended § 2255 Motion."

340, 351]. Spencer has also filed a document entitled "Addendum to Defendant's Motion" [Doc. No. 392] which the Court construes as his Reply memorandum.[2]

Also before the Court are several other motions filed by Spencer that generally relate to his § 2255 motions. Among these filings are (1) motions to appoint counsel [Doc. Nos. 332, 333, 344]; (2) motions for transcripts, exhibits, and other legal documents [Doc. Nos. 335, 348, 405]; (3) Motion for an Extension [Doc. No. 383]; and (4) Motion to Stay [Doc. No. 393]. Spencer has also filed two affidavits in support of his § 2255 motions [Doc. Nos. 373 & 380].

Finally, Spencer has filed a Motion for Injunctive Relief [Doc. No. 331], Motion for Relief from Restitution [Doc. No. 334], and a Motion for a Judicial Order [Doc. No. 355].

Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** Spencer's § 2255 Motions. The Court's rulings on his other motions are set forth herein.

## I.   BACKGROUND

### A.   Factual Background

In April 2015, the Government charged Spencer in a superseding indictment with the following offenses: (1) interference with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951 (Superseding Indictment [Doc. No. 93], Count 1); (2) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (*id.*,

---

[2] Because he filed this document consistent with the extended deadline for filing a reply, and in the document, he responds to certain arguments presented by the Government, the Court views this as his Reply.

Count 2); (3) using, carrying, and discharging a firearm during and in relation to a crime of violence, "that is, the crime set forth in Count 1 of this indictment," in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (*id.*, Count 3); and (4) felon in possession of ammunition—Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (*id.*, Count 4). Spencer proceeded to trial, where the evidence showed that he and an associate robbed a pawn shop of jewelry totaling $58,358.50, during which Spencer shot a store employee in the leg and fired additional shots in the air. *See United States v. Spencer*, 697 Fed. App'x 471 (8th Cir. 2017) (summarizing trial court record). The evidence included eye-witness testimony, video surveillance footage, and Spencer's admissions. *Id.* On February 3, 2016, the jury convicted Spencer on all four counts. (Redacted Jury Verdict [Doc. No. 188] at 1–2.)

In August 2016, the Court sentenced Spencer to 257 months in prison. (Am. Sentencing J. [Doc. No. 269] at 2.) Counsel filed a direct appeal challenging the sufficiency of the evidence and the reasonableness of the sentence in a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Separately, Spencer filed a pro se brief, challenging the district court's jurisdiction, counsel's effectiveness, and Spencer's conviction under 18 U.S.C. § 924(c) in light of *Johnson v. United States*, 576 U.S. 591 (2015). *Spencer*, 697 Fed. App'x at 471–72. The Eighth Circuit denied his appeal and affirmed his conviction. *Id.*

**B.     Section 2255 Motions**

**1.     Initial § 2255 Motion**

In his initial § 2255 Motion, Spencer argues that his § 924(c) conviction is invalid because the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in light of *United States v. Davis*, 588 U.S. __, 139 S. Ct. 1319 (2019).  He contends that *Davis* recognized a new right made retroactively available on collateral review, and his motion is therefore timely under 28 U.S.C. § 2255(f)(3).

In response, the Government argues that *Davis* is inapplicable to Spencer's § 924(c) conviction.  (Gov't's Initial Opp'n [Doc. No. 340] at 4.)  It notes that *Davis* extended the rule of *Johnson* to hold that the "risk-of-force clause," or "residual clause," of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  (*Id.*)  However, the Government asserts, Spencer's § 924(c) conviction was not predicated upon a risk-of-force clause offense, but upon a "force clause" offense under § 924(c)(3)(A), i.e., Hobbs Act robbery.  (*Id.*) Accordingly, the Government contends that *Davis* affords Spencer no relief.  (*Id.*)  Because *Davis* is inapplicable to Spencer's conviction, the Government asserts that his motion should also be denied as untimely because he filed it more than one year after his conviction became final.  (*Id.*)

**2.     Amended Section 2255 Motion**

In Spencer's Amended § 2255 Motion, he asserts the following claims:  (1) his § 924(c) conviction failed to specify the qualifying "crime of violence" upon which it was predicated (Def.'s Am. § 2255 Mot., Ground 1); (2) the Court lacked subject matter jurisdiction over the Hobbs Act robbery counts under 18 U.S.C. § 1951 because there was

no evidence showing an effect on interstate commerce (*id.*, Ground 2); (3) the Moline, Illinois Police Department violated his Fourth Amendment rights by using a warrantless trap and trace device (*id.*, Ground 3); and (4) his Sixth Amendment rights were violated by ineffective assistance of "both CJA appointed counsels" (*id.*, Ground 4).   Although not labeled as separate grounds for relief, Spencer also refers to claims for "acceptance of responsibility" and a "*Batson* issue," (*id.* at 10 ¶ 13), and in his supporting memorandum he asserts another claim, alleging that the Government "broke a contractual obligation." (Def.'s Mem. Supp. Am. § 2255 Mot. [Doc. No. 347] at 22–23.)

Spencer contends that his claims related to his § 924(c) conviction are timely pursuant to *Davis*.  (Def.'s Am. § 2255 Mot. at 11 ¶ 18.)  Additionally, he asserts that his other claims are subject to equitable tolling in light of "numerous transfers" that have left him without his "legal property," and also because of incapacitation "due to numerous surgeries" arising from several medical issues.  (*Id.*)

In response, the Government argues that Spencer's motion is time-barred.  (Gov't's Second Opp'n [Doc. No. 351] at 1–2.)  It reasserts that *Davis* provides no basis for relief and also asserts that the one-year limitations period should not be equitably tolled.  (*Id.* at 4–6.)   Even if the Court considered all of the time Spencer spent in transfers, hospitalizations, and medical appointments, the Government contends it would amount to only 40 days, and would still not fall within the filing deadline.  (*Id.* at 6 n.3 & Ex. (Assignment History) [Doc. No. 351-1]; Gov't's Dec. 1, 2020 Letter [Doc. No. 352] at 1.) Moreover, the Government asserts that Spencer's claims fail on the merits.  (Gov't's Second Opp'n at 7–15.)

Spencer responds to the Government's timeliness in two affidavits. In an affidavit filed on February 4, 2021, he states that he has diligently sought to pursue his rights to collateral review, but has been hindered by agents of the government. (Feb. 4, 2021 Aff. [Doc. No. 373] at 1.) He states that in June 2017, he arrived at FCI-Gilmore, where Bureau of Prisons ("BOP") staff refused his request for a particular placement. (*Id*.) Further, Spencer contends that he suffered medical injuries, to which BOP staff were deliberately indifferent. (*Id*.) In Spencer's second affidavit, filed on March 2, 2021, Spencer states that counsel for the Government, along with unspecified governmental agencies "are directly responsible for the cause of the defendant['s] delays in filing for relief[.]" (Mar. 2, 2021 Aff. [Doc. No. 380] at 1.)

In Spencer's Reply, he contends that Hobbs Act robbery is not categorically a crime of violence under § 924(c)(3), nor is it a crime of violence under the Sentencing Guidelines, because it extends to threats against property. (Reply at 1–10.) Furthermore, he argues that his trial counsel was deficient for failing to argue that Hobbs Act robbery was not a categorical crime of violence under 18 U.S.C. § 924(c)(3)(A). (*Id*. at 14–18.) Spencer also asserts that the Court incorrectly calculated his sentence by improperly assigning criminal history points related to certain prior convictions. (*Id*. at 19–22.)

## II.   DISCUSSION

### A.   Section 2255 Statute of Limitations

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;

6

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1.    Date on Which Judgment of Conviction Became Final

As the starting point for determining the applicable statute of limitations, the Court considers the date on which Spencer's judgment of conviction became final under § 2255(f)(1).  The Eighth Circuit affirmed Spencer's sentencing judgment on September 12, 2017.  (8th Cir. J. [Doc. No. 325].)  He did not file a petition for certiorari with the Supreme Court.

When a judgment of conviction is appealed and affirmed, and a petition for certiorari is not filed, the judgment becomes final when the time expires for filing a petition for certiorari.  *See Clay v. United States*, 537 U.S. 522 (2003).  After the Eighth Circuit issued its judgment on September 12, 2017, Spencer had 90 days in which to petition for certiorari from the Supreme Court.  S. Ct. R. 13.1 (stating that a petition for a writ of certiorari to review a judgment entered by a United States court of appeals must be filed within 90 days after entry of the judgment, and specifying that "the time to file a petition for a writ of

certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Spencer's conviction therefore became final on December 11, 2017 (i.e., 90 days after September 12, 2017). Pursuant to § 2255(f)(1), Spencer had one year, until December 11, 2018, to file his § 2255 motion. He did not file his initial § 2255 Motion until January 10, 2020—one year and 30 days too late. His Amended § 2255 Motion, which contains grounds for relief different from those asserted in his initial motion, was not filed until June 15, 2020— one year and six months too late. Accordingly, under § 2255(f)(1), Spencer's § 2255 Motions are untimely.

### 2.      Right Newly Recognized by Supreme Court and Available on Collateral Review

Spencer argues that under § 2255(f)(3), the one-year filing deadline should begin running from the issuance of the Supreme Court's decision in *Davis*. (Def.'s § 2255 Mot. at 9 ¶ 13; Def.'s Initial § 2255 Mem. [Doc. No. 338] ¶¶ 2–3.) He contends that *Davis* constitutes a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. (Def.'s § 2255 Mot. at 9 ¶ 13; Def.'s Initial § 2255 Mem. ¶¶ 2–3.)

The Supreme Court issued *Davis* on June 24, 2019. If it applies to Spencer's § 924(c) claims, he would have had until June 24, 2020 to assert them in his initial § 2255 Motion, and it would be timely, since he filed the motion on January 10, 2020. Also, Spencer's claim in Ground 1 of his Amended Petition, in which he argues that the record fails to specify the predicate for his § 924(c) conviction, relies on *Davis*. Again, if *Davis* applies to that claim, it would also be timely, as Spencer filed his Amended § 2255 Motion

on June 15, 2020, prior to the June 24, 2020 deadline for claims based on *Davis*. However, the portion of Spencer's ineffective assistance claim based on *Davis*, which he appears to first raise in his Reply, is untimely, since Spencer mailed his Reply on June 22, 2021, nearly a year after the deadline for filing claims based on *Davis*.

### a.   Whether *Davis* Applies

As noted, Spencer argues that the limitations period begins to run under § 2255(f)(3) in light of *Davis*, and that *Davis* also applies on the merits. (Def.'s Mem. Supp. Am. § 2255 Mot. at 4–5.) The Court disagrees.

In *Davis*, the Supreme Court examined the heightened criminal penalties applicable to convictions under 18 U.S.C. § 924(c) for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 139 S. Ct. at 2324 (citing 18 U.S.C. § 924(c)(1)(A)). Specifically, the statute defines a crime of violence as "an offense that is a felony" and

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first provision is commonly known as the "elements clause" or "force clause," and the second provision is known as the "residual clause." *See Davis*, 139 S. Ct. at 2324.

The defendants in *Davis* sought review of their convictions under § 924(c)(3)(B) for which the predicate crime of violence was conspiracy to commit Hobbs Act robbery. *Id.*

at 2325.  Defendants argued that the residual clause was unconstitutionally vague, as it did not necessarily require proof that a defendant used, attempted to use, or threatened to use physical force.  *Id*.  The Supreme Court agreed, relying on *Johnson*, which found nearly identical language in the residual clause of 18 U.S.C. § 16(b) unconstitutionally vague.  *Id.* at 2325–2327.  However, the Court affirmed without discussion the appellate court's ruling that Hobbs Act robbery qualified as a predicate offense under the elements clause of § 924(c)(3)(A).  *See id.* at 2325, 2336.

Here, Count 1 of the Superseding Indictment charged Spencer with substantive Hobbs Act robbery and Count 2 charged him with conspiracy to commit Hobbs Act robbery.  While Spencer argues that the record fails to identify the crime-of-violence predicate supporting his § 924(c) conviction on Count 3 for carrying and discharging a firearm during a crime of violence, (Def.'s Am. § 2255 Mot., Ground 1), he is incorrect.

Count 3 of the Superseding Indictment identified "the crime set forth in Count 1 of this indictment"—interference with commerce by robbery, i.e., substantive Hobbs Act robbery—as the predicate crime of violence.  (Superseding Indictment, Count 3.)   In addition, the jury instruction for Count 3 identified the crime of violence as "interference with commerce by means of robbery as charged in Count 1 of the Superseding Indictment." (Jury Instr. [Doc. No. 189] at 13.)  Spencer contends that the jury verdict form failed to specify whether substantive Hobbs Act robbery or Hobbs Act conspiracy constituted the crime of violence.  (Def.'s Mem. Supp. Am. § 2255 Mot. at 5.)  But with respect to Count 3, the Verdict Form incorporated Count 3 of the Superseding Indictment.  (Redacted Verdict Form at 2) (stating that the jury found Spencer guilty "of the crime of using and

carrying a firearm during and in relation to a crime of violence as charged in Count 3 of the superseding indictment," and likewise found him guilty of "discharging a firearm during and in relation to a crime of violence as charged in Count 3 of the superseding indictment."). As noted above, Count 3 of the Superseding Indictment clearly identified substantive Hobbs Act robbery as the § 924(c) predicate offense. By contrast, if conspiracy to commit Hobbs Act robbery had served as the basis for Spencer's § 924(c) conviction, *Davis* would apply, as the Government recognizes. (Gov't's Initial Opp'n at 4 n.1) ("This case would have been much different had the government elected to relate the defendant's § 924(c) offense with conspiracy to commit Hobbs Act robbery (Count 2)."). But that is not the case here. Instead, substantive Hobbs Act robbery is the predicate offense underlying Spencer's § 924(c) conviction.

The Eighth Circuit has held that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3). *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017). Because *Davis*'s finding of unconstitutional vagueness is limited to convictions under the statute's residual clause, *Davis* affords Spencer no relief. *United States v. Lewis*, 775 Fed. App'x 260 (8th Cir. 2019) (finding defendant did not benefit from *Davis* as Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A)).

Spencer relies on *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017) for the proposition that Hobbs Act robbery is not categorically a crime of violence. (Def.'s Reply at 3.) But *O'Connor* concerned whether a prior conviction for Hobbs Act robbery qualified as a "crime of violence" for purposes of a Sentencing Guidelines enhancement, not whether Hobbs Act robbery constitutes a "crime of violence" for conviction under § 924(c)(3)(A)'s

"elements clause," as is the case here.  874 F.3d at 1158.  In fact, the court in *O'Connor* noted this distinction, finding that "[t]here is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person."  *Id.*; *see also United States v. Tyree*, 757 Fed. App'x 704, 707 (10th Cir. 2018) ("*O'Connor*'s holding that Hobbs Act robbery is not a 'crime of violence' for purposes of the sentencing guideline is therefore irrelevant to Tyree's conviction under § 924(c)(1)(A), as Hobbs Act robbery constitutes a 'crime of violence' under § 924(c)(1).").

Finally, the Court notes that Spencer has also moved the Court to stay this § 2255 action in light of *United States v. Taylor*, a case currently pending before the Supreme Court.  (Def.'s Mot. to Stay at 1) (citing 979 F.3d 203 (4th Cir. 2020), *petition for cert. granted* (U.S. July 2, 2021) (No. 20-1459)).   He contends that *Taylor* involves "the interplay between a robbery charged under the Hobbs Act, 18 U.S.C. § 1951(a), as here, and 18 U.S.C. § 924(c)(1)(A)," and "it is expected that the Court will extend its holding in *Davis* beyond the conspiracy prong . . . to reach and affect the underlying predicate crimes of attempted robbery and robbery."  (*Id*. at 1–2.)

The Court disagrees.  *Taylor* does not involve *completed* Hobbs Act robbery, as is the case here, but rather, it concerns whether *attempted* Hobbs Act robbery qualifies as a valid crime-of-violence predicate under § 924(c).  *Taylor*, 979 F.3d at 205.  The appellate court in *Taylor*, the Fourth Circuit, held that attempted Hobbs Act robbery is not categorically a crime of violence because a mere *attempt* to commit a crime of violence

need not involve the attempted use of physical force. *Id*. at 209 (emphasis added). Although Mr. Taylor was not convicted of completed Hobbs Act robbery, in the Fourth Circuit's analysis of the attempted offense, it distinguished between the completed and attempted offenses. *Id*. at 207–08. In particular, the court noted that completed Hobbs Act robbery "categorically" qualifies as a "crime of violence" under § 924(c)(3)(A), because it necessarily involves, at a minimum, the threat to use physical force. *Id*. (citing *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019)). By contrast, the court observed that attempted Hobbs Act robbery does not invariably require the use, attempted use, or threatened use of physical force. *Id*. at 208. *Taylor*, therefore, involves a different predicate offense than completed Hobbs Act robbery, which is the predicate offense for Spencer's § 924(c) conviction. Accordingly, because the Supreme Court's upcoming decision in *Taylor* will have no application here, the Court denies Spencer's Motion to Stay.

In sum, because *Davis* is inapplicable to these facts, Spencer cannot rely on § 2255(f)(3) as the starting point for the limitations period for his *Davis*-related claims.[3] Thus, the Court finds that the claims asserted in (1) Ground 1 of Spencer's initial § 2255 Motion, (2) Ground 1 of his Amended § 2255 Motion, and (3) the portion of his ineffective assistance claim based on *Davis*, set forth in his Reply, are untimely. Moreover, even if

---

[3]   This includes the portion of Spencer's ineffective assistance claim, raised in his Reply, that counsel was deficient for failing to argue that Hobbs Act robbery was not a categorical crime of violence under § 924(c)(3)(A). (Reply at 14–16.)

these claims were not untimely, for all of the reasons noted above, because *Davis* is inapplicable, these claims would fail on the merits.

### 3.    Date on Which Governmental Impediment Was Removed

Spencer also argues that governmental impediments hindered his ability to timely raise his § 2255 claims.  (*See Def.'s* Feb. 4, 2021 Aff. & Def.'s Mar. 2, 2021 Aff.)  As noted earlier, his non-*Davis* claims are based on subject matter jurisdiction, Fourth Amendment violations, ineffective assistance of counsel, acceptance of responsibility, and *Batson v. Kentucky*, 476 U.S. 79 (1986).  (Def.'s Am. § 2255 Mot., Grounds 2–4, and at 10 ¶ 13.)

Spencer appears to invoke § 2255(f)(2), under which the limitations period begins to run on "[t]he date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."  18 U.S.C. § 2255(f)(2).  In order to invoke Section 2255(f)(2), "it is the prisoner's responsibility to allege (1) the existence of an impediment to his making a motion, (2) governmental action in violation of the Constitution or laws of the United States that created the impediment, and (3) that the impediment prevented the prisoner from filing his motion."  *United States v. Williams*, No. 15-CR-0185 (PJS/BRT), 2021 WL 2950141, at *2 (D. Minn. July 14, 2021) (quoting *Simmons v. United States*, 974 F.3d 791, 796–97 (6th Cir. 2020)).

In Spencer's Affidavits, he refers to a June 2017 prison transfer, his dissatisfaction with housing placement, injuries suffered in November and December of 2017, and prison staff's indifference to his medical needs.  (Def.'s Feb. 4, 2021 Aff. at 1.)  In addition, he

contends that counsel for the Government and unspecified governmental agencies "denied his rights to a fair appeals process" by searching and seizing his legal property and continuing to deny him the right to review his case file information.  (Mar. 2, 2021 Aff. at 1.)

While the Court is sympathetic to the medical issues that Spencer has experienced, events that occurred in 2017 fail to explain why he could not meet the filing deadline in December 2018, nor how he was able to subsequently file his § 2255 motions in 2020 when he still maintains that he lacks legal documents.  Spencer's allegations that the Government is responsible for his untimely filing are simply conclusory and fail to demonstrate why he could not timely file a § 2255 motion, particularly when he has long been aware of the bases for many of his claims.  For example, Spencer's challenge to the Court's subject matter jurisdiction and his claim of ineffective assistance of counsel are issues that he raised on direct appeal in 2017.  (*Compare* Def.'s Am. § 2255 Mot., Grounds 2 & 4, *with Spencer*, 697 Fed. App'x at 472.)  Similarly, he claims that he was entitled to a two-level reduction for acceptance of responsibility, but the Government and the Court addressed that issue at sentencing in August 2016.  (*Compare*  Def.'s Am. § 2255 Mot. at 10 ¶ 13, *with* [Doc. No. 255 at 13–14; Doc. No. 312 at 30–31].)

Also, the Court does not find that Spencer's prison transfers constitute unconstitutional governmental conduct that impeded his ability to file a § 2255 motion.  Even if the government's conduct in transferring Spencer could be considered unconstitutional, during 2018—the critical year for filing a § 2255 motion—Spencer spent

only 40 days in transfers, hospitalizations, and medical appointments. (Gov't's Second Opp'n at 6 n.3 & Ex. (Assignment History); Gov't's Dec. 1, 2020 Letter at 1.)

Construing as true Spencer's allegations concerning the BOP's indifference to his medical needs, its refusal to allow him to physically possess his legal documents, and its conduct in transferring him to different facilities—even assuming all such conduct was unlawful—he was not prevented from timely filing a § 2255 motion. Therefore, § 2255(f)(2) does not govern the limitations period here.[4]

### B.   Equitable Tolling

The Eighth Circuit has held that the one-year limitations period for § 2255 motions may be equitably tolled where "'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092–93 (8th Cir. 2005). For equitable tolling to apply, a prisoner must show that: (1) extraordinary circumstances prevented him from timely filing; and (2) he was diligent in pursuing the § 2255 motion. *Id*. at 1093–95. Equitable tolling is an "exceedingly narrow window for relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

Spencer fails to meet this standard. He contends that equitable tolling should apply to his non-*Davis* claims due to "numerous prison transfers" that resulted in the loss of his legal materials, and incapacitation due to several surgeries. (Def.'s Am. § 2255 Mot. at 11

---

[4]    Spencer does not appear to rely on § 2255(f)(4), which starts the limitations period from the date on which facts supporting his claims could have been discovered through the exercise of due diligence.

¶ 18.)   While the Court is sympathetic to these issues, they do not warrant equitable tolling. Again, Spencer was required to file his § 2255 motion by December 11, 2018.   The Government notes that prison data from 2018 reflects that Spencer spent just 40 days in transfers, hospitalizations, and medical appointments.   (Gov't's Second Opp'n at 6 n.3 & Ex. (Assignment History); Gov't's Dec. 1, 2020 Letter at 1.)   Spencer's prison unit manager at FCI-Springfield filed a letter on his behalf in December 2019, stating that since September 26, 2019, Spencer had been housed in Administrative Detention, with little or no access to legal documents.   (Jan. 6, 2020 Letter [Doc. No. 336].)   But the relevant period here is not 2019, but 2018, since Spencer's filing deadline was December 11, 2018.

Other courts have found that prison transfers and any resulting lack of access to legal materials are not sufficient to justify equitable tolling of the statute of limitations. *Pepper v. United States*, No. 6:11-CR-03031-01, 2013 WL 5770357, at *2 (W.D. Mo. Oct. 24, 2013) (collecting cases).   In an analogous context, the Eighth Circuit has also held that prisoners' confinement in restrictive special housing units ("SHUs") for much longer periods than 40 days, with presumably limited access to legal materials and resources, does not warrant the equitable tolling of § 2255 motions.  *Chachanko v. United States*, 935 F.3d 627, 628–30 (8th Cir. 2019) (finding that two-year placement in a SHU did not toll the statute of limitations); *Muhammad v. United States*, 735 F.3d 812 (8th Cir. 2013) ("Muhammad's five-month confinement in the [SHU] does not constitute an extraordinary circumstance warranting the application of equitable tolling.").   Courts have also held that prison lockdown measures imposed as a result of the COVID-19 pandemic do not automatically warrant equitable tolling, particularly where there is no evidence that the

prisoner was diligently pursing his rights.  *See, e.g., Reed v. United States*, No. 1:21-cv-119 SNLJ, 2021 WL 5196489, at *2–3 (E.D. Mo. Nov. 9, 2021); *United States v. Iyamu*, No. 18-cr-87(1) (ADM/KMM), 2021 WL 2156456, at *3 (D. Minn. May 27, 2021); *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020).  The Court finds all of this authority persuasive under the facts here.

In addition, Spencer failed to exercise reasonable diligence to discover the facts supporting the non-*Davis* claims in his Amended § 2255 Motion.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008).  Indeed, and as noted earlier, the facts supporting many of these claims—including subject matter jurisdiction, ineffective assistance of counsel, and the denial of points for acceptance of responsibility—were known to him well before the expiration of the limitations period.

In sum, Spencer has failed to show that extraordinary circumstances beyond his control prevented him from timely filing his claims, and that he was diligent in pursuing them.  Accordingly, equitable tolling is unavailable.  Because Spencer's motion is untimely, the Court declines to consider the merits of his claims.

## C.    Evidentiary Hearing

A § 2255 motion may be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary.  *Covey v. United*

*States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted).  Applying this standard to the allegations and the record, the Court finds that Defendant fails to meet the requirements identified in *Delgado*, 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule.  *Covey*, 377 F.3d at 909.  Accordingly, no evidentiary hearing is required in this case.

### D.   Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that the basis for dismissal is not reasonably debatable.  *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).  Accordingly, the Court declines to issue a certificate of appealability and Defendant's request is denied.

### E.   Remaining Motions

As noted earlier, Spencer has also filed several other motions that remain pending with the Court, some of which are related to his § 2255 Motions.  The Court addresses the remaining motions in brief.

### 1.   Motions to Appoint Counsel [Doc. Nos. 332, 333, 344]

Spencer has filed three motions seeking appointment of counsel in connection with his § 2255 Motion and Amended § 2255 Motion, noting that he relies on *Davis* as the basis

for relief under § 2255.  (Def.'s July 2019 Mots. to Appt. Counsel [Doc. Nos. 332 & 333] at 1; Def.'s May 2020 Mot. to Appt. Counsel [Doc. No. 344] at 1.)

A federal prisoner filing a § 2255 motion does not have a constitutional right to the appointment of counsel. *United States v. Hubbard*, No. 09-cv-23 (ADM/JJG), 2012 WL 6652865, at *4 (D. Minn. Dec. 21, 2012) (citing *Baker v. United States*, 334 F.2d 444, 447–48 (8th Cir. 1964) (holding that § 2255 litigants have no constitutional right to appointment of counsel)). Rather, the decision to appoint counsel in a § 2255 case lies in the sound discretion of the district court, *Baker*, 334 F.2d at 448, which determines whether "the interests of justice so require" appointed counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g).

The Court finds appointment of counsel unnecessary here. Spencer has capably advanced numerous legal arguments in his § 2255 Motions, including arguments concerning the applicability of *Davis*, and has filed a variety of materials in support of his motions.  Accordingly, the Court concludes that the interests of justice do not require appointment of counsel, and the Court denies these motions.

### 2.    Motions for Legal Materials [Doc. Nos. 335, 348, 405]

In three motions, Spencer seeks a variety of legal materials from the Court.  In his December 2019 motion, he requests seven transcripts, numerous letters and emails submitted in connection with his sentencing, and a copy of a court order extending the trial date [Doc. No. 335].  In his October 2020 motion, Spencer requests all potential trial exhibits provided to the Court, "all exhibits front and back," and a copy of the docket sheet

[Doc. No. 348]. Finally, in his October 2021 motion, he asks that the Court compel the Federal Defender's Office to produce his case file [Doc. No. 405].

Because Spencer requests these documents in connection with his § 2255 Motions, the motions are denied as moot. He filed all three motions one year to nearly three years past his § 2255 filing deadline.

### 3. Motion for an Extension [Doc. No. 383]

In an April 2021 motion, Spencer requested an extension of time in which to submit any remaining materials in connection with his § 2255 Motions. Because the Court granted Spencer's subsequent requests for extensions [Doc. Nos. 384 & 391], his April 2021 Motion for an Extension is denied as moot.

### 4. Motion for Injunctive Relief [Doc. No. 331]

In his Motion for Injunctive Relief, Spencer seeks an order compelling his then-unit manager to provide him with a copy of his Presentence Investigation Report. Spencer is no longer an inmate at the facility in question, FCI-Victorville. Accordingly, the Court denies this motion as moot.

### 5. Motion for a Judicial Order [Doc. No. 355]

In Spencer's Motion for a Judicial Order, he requests an order to restrain "government agents" from harassing him. (Mot. for Judicial Order [Doc. No. 355] at 1.) He notes several grievances about his conditions of confinement, including the late delivery of mail and confiscation of certain property. (*Id*.) The appropriate means for obtaining relief regarding conditions of confinement is through the exhaustion of administrative

remedies and a legal action under 42 U.S.C. § 1983.  Because this habeas action is not the proper means for obtaining the requested relief, Spencer's motion is denied.

### 6.      Motion for Relief from Restitution [Doc. No. 334]

Finally, before the Court is Spencer's Motion for Relief from Restitution, filed in September 2019.  At sentencing, the Court has ordered Spencer to pay restitution in the amount of $59,171.43 as a criminal monetary penalty.  (Am. Sentencing J. at 5.)

The Court denies Spencer's motion for two reasons.  First, when a prisoner is "challenging a court-ordered repayment schedule . . . suit could be brought under [18 U.S.C. §] 3664(k)."  *See United States v. Diggs*, 578 F.3d 318–20 (5th Cir. 2009).  Spencer has not sought relief under this authority.  Accordingly, Spencer's motion is denied in part on this basis.  Second, at the time Spencer filed the instant motion, he was incarcerated at FMC-Springfield and stated that he was unable to work, although he provided no supporting documentation.  Because of the passage of time and because Spencer is now in a different facility, the Court also denies this motion as moot in part.

## III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1.      Defendant's Pro Se Motion to Vacate Under § 2255 ("§ 2255 Motion") [Doc. No. 337] is **DENIED**.

2.      Defendant's Pro Se Amended Motion to Vacate Under § 2255 [Doc. Nos. 345 & 346] is **DENIED**.

3.      Defendant's Motion to Stay [Doc. No. 393] is **DENIED**.

4.      Defendant's Motions to Appoint Counsel [Doc. Nos. 332, 333, 344] are **DENIED**.

5.      Defendant's Motions for Legal Materials [Doc. Nos. 335, 348, 405] are **DENIED AS MOOT**.

6.      Defendant's Motion for an Extension [Doc. No. 383] is **DENIED AS MOOT**.

7.      Defendant's Motion for Injunctive Relief [Doc. No. 331] is **DENIED AS MOOT**.

8.      Defendant's Motion for a Judicial Order [Doc. No. 355] is **DENIED**.

9.      Defendant's Motion for Relief from Restitution [Doc. No. 334] is **DENIED IN PART** and **DENIED AS MOOT in part.**

10.     A certificate of appealability is **DENIED** and no evidentiary hearing is necessary.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 1, 2021                         s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge