UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Marvin Spencer,<br><br>Defendant. | Case No. 14-CR-322 (SRN/TNL)<br><br>**ORDER** |

Benjamin Bejar and Thomas Hollenhorst, U.S. Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415; Katharine Buzicky, U.S. Attorney's Office, 316 N. Robert St., Ste. 404, Saint Paul, MN 55105, for the Government

Marvin Spencer, Reg. No. 18164-041, FCC-USP Coleman II, P.O. Box 1034, Coleman, FL 33521, Pro Se

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion for Documents [Doc. No. 435] filed by Defendant Marvin Spencer.

I.    BACKGROUND

Mr. Spencer is serving a 257-month sentence following his February 2016 conviction for robbery, conspiracy to commit robbery, discharging a firearm during and in relation to a crime of violence, and being a felon in possession of ammunition. On direct appeal, the Eighth Circuit affirmed his conviction. *United States v. Spencer*, 697 Fed. Appx. 471, 472 (8th Cir. 2017).

1

In 2020, Mr. Spencer sought review under 28 U.S.C. § 2255 [Doc. Nos. 337, 345, 346], raising four grounds for relief. The Court found that Mr. Spencer's arguments were untimely and not subject to equitable tolling. (Dec. 1, 2021 Order [Doc. No. 406] at 6–23.) Therefore, the Court denied relief, denied an evidentiary hearing, and denied a certificate of appealability. (*Id.*) Subsequently, Mr. Spencer requested a certificate of appealability from the Eighth Circuit [Doc. No. 409], which the court denied [Doc. No. 424].

## II.   DISCUSSION

In his Motion for Documents, Mr. Spencer requests transcripts from his three-day jury trial and the Government's "response to Spencer's 2255 Motion." (Def.'s Mot. for Documents at 1.) He states that he "seek[s] to file a second motion to the court of appeal," but fails to indicate the type of motion or to provide any information about the issues he intends to raise. He has already filed a direct appeal. A defendant in a federal criminal case is not automatically entitled to a free transcript for use in collateral proceedings. Rather, "whether the [defendant] is entitled to a free transcript depends on whether he [has] satisfied the requirements of [28 U.S.C. §] 753(f)." *Sistrunk v. United* States, 992 F.2d 258, 259 (10th Cir. 1993); *see also United States v. Losing*, 601 F.2d 351, 31–53 (8th Cir. 1979) (affirming denial of free transcript as premature and noting Supreme Court authority under which a free transcript may be provided "only after judicial certification that they are required to decide the issues presented by a non-frivolous pending case."). Under § 753(f), a person pursuing a claim under 28 U.S.C. § 2255 may be eligible for a free transcript "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous

and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also id*. ("Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."). But Mr. Spencer has already filed his 2255 Motion, which the Court denied.

Moreover, as noted, Mr. Spencer has not identified the issues that he intends to raise, nor has he identified any specific need for the transcripts or the type of motion he intends to file. Therefore, the Court cannot certify that his legal issues are not frivolous or that transcripts are necessary for resolving them. *See United States v. Williams*, No. 04-CR-0251(1) (ADM/AJB), 2009 WL 2766902, at *1 (D. Minn. Aug. 27, 2009) ("[I]t clearly appears that Defendant is seeking free transcripts and other materials simply to peruse them, with the hope of finding something that might somehow support a collateral challenge to his conviction or sentence. However, transcripts and related materials will not be provided free of charge for such purposes."). Accordingly, Mr. Spencer's request for transcripts is denied.

As for a copy of the "Government's response" to his § 2255 Motion, because Mr. Spencer filed amended § 2255 motions, the Government filed two § 2255 responses [Doc. Nos. 340, 351, and Ex. 351-1]. These documents do not fall under 28 U.S.C. § 753(f), which specifically applies to transcripts. These documents total approximately 22 pages and the cost of providing copies is de minimis. Accordingly, the Court grants Mr. Spencer's request with respect to the Government's § 2255 responses. The Clerk of Court shall mail Mr. Spencer a copy of Doc. Nos. 340, 351, and 351-1 at no charge.

Therefore, it is **HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Documents [Doc. No. 435] is **DENIED in part** as to trial transcripts and **GRANTED in part** as to the Government's § 2255 responses [Doc. Nos. 340, 351, 351-1].

2. The Clerk of Court shall provide Mr. Spencer with free copies of Doc. Nos. 340, 351, and 351-1.

Dated: September 25, 2025                                    s/Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge